# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2013

Lyle W. Cayce
Clerk

No. 12-41173
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS DAVILA, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-799-1

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

In accordance with his conditional guilty plea to possession with intent to distribute cocaine, Jesus Davila, Jr., appeals the denial of a motion to suppress evidence. We affirm.

The district court's factual findings are reviewed for clear error, while its ultimate determination of constitutionality is reviewed de novo. *See United States v. Flores*, 640 F.3d 638, 641-42 (5th Cir. 2011). We agree with the district court's well-reasoned ruling that, under the totality of the circumstances, a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

policeman had an objectively reasonable and particularized suspicion of possible wrongdoing when he stopped Davila as Davila was attempting to drive out the back yard of a vacant house that had been repeatedly vandalized. *See United States v. Pack*, 612 F.3d 341, 352, 358 (5th Cir. 2010). In doing so, we reject Davila's reliance on *United States v. Benjamin*, 481 F. App'x 92 (5th Cir. 2010). *Benjamin* involved a stop in an apartment parking lot that was routinely used by many person for entirely lawful purposes, while Davila was stopped on vacant and frequently vandalized property where there was no obvious reason for the general public, and specifically Davila, to be.

We also find no clear error in the district court's finding that Davila voluntarily opened the trunk of his car where the policeman found the cocaine. *See United States v. Jenkins*, 46 F.3d 447, 451 (5th Cir. 1995) (describing six factors relevant to the voluntariness of consent). The policeman engaged in no coercive behavior but merely asked Davila if he had anything in the trunk of his car.

The judgment of the district court is AFFIRMED.